■ JENNIFER PIZZI, an Infant, by Her Parent and Natural Guardian, LORETTA PIZZI, et al., Respondents, v BRADLEE'S DIVISION OF STOP & SHOP, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants Bradlee's Division of Stop & Shop, Inc., and Bradlee's Department Store of Woodbridge, New Jersey, appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated November 16, 1989, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The record reveals that the 10-year-old infant plaintiff slipped and fell in a department store owned by the appellants, allegedly sustaining injuries to her knee. In depositions taken after the commencement of the action, both the infant plaintiff and her mother, who was also present in the store at the time of the accident, described the tile floor as "shiny" and "smooth". Both testified that they noticed no cracks or holes in the tile floor and observed no debris, foreign matter or liquid in the location where the accident occurred.

Thereafter, the appellants moved for summary judgment, arguing, *inter alia,* that the deposition testimony of the infant plaintiff and her mother established that there was no discernible defect or dangerous condition associated with the floor where the infant plaintiff slipped. The defense counsel pointed out that the plaintiffs' depositions established only that the floor was "smooth" and "shiny" and that the foregoing constituted neither an actionable defect nor a dangerous condition for which the store could be held liable.

In opposition to the motion, the plaintiffs first argued that the appellants had negligently applied certain floor care products by stripping and waxing the floor in excess of the manu-

facturer's recommendations, and in contravention of an internal memorandum circulated some 22 months prior to the accident. Additionally, the plaintiffs submitted the affidavit of a floor care and maintenance expert who stated that: (1) the store's custodial staff had negligently failed to "dust mop" after daily, high speed floor buffing, creating an "invisible" and slippery residue of dust, and (2) that the defendant department store may have been using floor care products whose "shelf life" had expired. The Supreme Court denied the motion for summary judgment, reasoning, *inter alia,* that while the foregoing expert's affidavit may ultimately fail to convince a jury of the appellants' alleged negligence, it was nevertheless sufficient to create triable issues of fact. We find otherwise.

It is well settled that on a motion for summary judgment, the court's function is issue finding rather than issue determination *(see, e.g., Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Gervasio v Di Napoli,* 134 AD2d 235, 236; *Assing v United Rubber Supply Co.,* 126 AD2d 590). Nevertheless, " 'the court must evaluate whether the alleged factual issues presented are genuine or unsubstantiated' " *(Gervasio v Di Napoli, supra,* at 236, quoting from *Assing v United Rubber Supply Co., supra;* at 590; *see, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). If the issue claimed to exist is not genuine, and, therefore, there is nothing to be resolved at the trial, the case should be summarily decided *(see, Andre v Pomeroy,* 35 NY2d 361, 364; *Assing v United Rubber Supply Co., supra).* Moreover, "[i]t is well settled that 'a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough' to defeat a motion for summary judgment" *(Mayer v McBrunigan Constr. Corp.,* 105 AD2d 774, quoting from *Gelb v Bucknell Press,* 69 AD2d 829, 830; *see, American Sav. Bank v Imperato,* 159 AD2d 444; *Morowitz v Naughton,* 150 AD2d 536, 537; *see also, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259).

The appellants' submission of the plaintiffs' deposition testimony in which both the infant plaintiff and her mother were unable to identify any type of visible defect in the floor other than to describe it as "smooth" or "shiny" constitutes a prima facie showing of entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Mobil Oil Corp. v Penna,* 139 AD2d 501). Notably, we have previously observed that, "[t]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent applica-

tion of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence" *(Silver v Brodsky,* 112 AD2d 213, 214).

Contrary to the plaintiffs' contentions, their opposing submissions failed to create the requisite issues of material fact. Assuming that the appellants stripped and waxed the floor more frequently than recommended by the manufacturer of the floor care products used, the record is nevertheless bereft of competent evidence establishing that such stripping and waxing created a dangerous or slippery condition. The legal conclusion that the stripping and waxing performed by the appellants may have created a hazardous condition was advanced in the affirmation of plaintiffs' counsel, who neither possessed personal knowledge of the events in question nor any special expertise in the area of floor maintenance. Such an affirmation cannot " 'supply the evidentiary showing necessary to successfully resist the motion' " *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968, quoting from *Roche v Hearst Corp.,* 53 NY2d 767, 769; *Ho Jo Contr. Co. v Schultz Ford,* 148 AD2d 582, 583). Similarly, the affidavit of the plaintiffs' floor care expert is also insufficient to create triable issues of fact. As the appellants note, there is nothing in the record which would support the expert's conclusory speculation that floor products whose one year "shelf life" had expired were being utilized in maintaining the floor when the accident occurred. Similarly, a review of the relevant depositions and other documentary materials establishes no triable issue of fact with respect to the alleged failure of the appellants to "dust mop" after daily, high speed floor buffing. In his deposition, the president of the outside cleaning contractor whose company handled the floor maintenance, Mr. Henry Geller, clearly indicated that all cleaning chores contained in a detailed schedule—which included dust mopping after buffing—were performed in accord with the schedule. In light of the foregoing, we find that the plaintiffs' opposition to the motion failed to establish the existence of material issues of fact.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.