■ GOLDIE PRAME et al., Appellants, v AMES DEPARTMENT STORES, INC., et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants summary judgment and dismissed plaintiffs' complaint seeking damages for injuries sustained in a slip and fall accident. There is no evidence that defendants had actual or constructive notice of the defective condition that allegedly caused the accident *(see, Anderson v Klein's Foods,* 73 NY2d 835, *rearg denied* 73 NY2d 918; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop,* 65 NY2d 625). Plaintiffs' reliance upon the doctrine of res ipsa loquitur is inappropriate and misplaced. Plaintiffs did not make that argument before Supreme Court and should not now be permitted to make it for the first time on appeal *(see, Arvantides v Arvantides,* 106 AD2d 853, *mod* 64 NY2d 1033). In any event, res ipsa loquitur is not applicable on the facts presented *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 227-228). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.

■ BRANT ROBINSON, Appellant, v AETNA LIFE & CASUALTY COMPANY, Respondent.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly exercised its discretion in concluding that plaintiff failed to show that "special circumstances" existed to warrant additional disclosure from defendant's medical expert (CPLR 3101 [d] [1] [iii]; Siegel, NY Prac § 348A [2d ed 1991]; *cf., Rosario v General Motors Corp.,* 148 AD2d 108; *Brandes v Pettibone, Inc.,* 62 AD2d 1133). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Quash Subpoena.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.