■ Frances Mackay, Respondent, v Starrett City, Inc., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Starrett City, Inc., appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated January 18, 1990, which denied its motion for partial summary judgment with respect to so much of the plaintiff's complaint as alleged that her injuries were caused by a broken or defective driveway.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for partial summary judgment dismissing so much of the plaintiff's complaint as alleged that her injuries were caused by broken or defective driveway pavement is granted.

The plaintiff slipped and fell in the driveway of a building owned by the defendant Starrett City, Inc., and commenced this action alleging, *inter alia,* that Starrett City, Inc., permitted ice to cover a broken and defective driveway pavement. In her deposition, the plaintiff stated that she slipped on a patch of ice in the driveway. She had observed the area before her fall and did not notice any cracks or broken pavement. Starrett City, Inc., relying on the plaintiff's deposition testimony, contended that the only evidence of negligence related to the icy condition of the driveway and moved for partial summary judgment dismissing any cause of action based on the alleged defective condition of the driveway pavement.

We conclude that the court erred in denying the motion. The hearsay affirmation submitted by the plaintiff's counsel was insufficient to meet the plaintiff's burden of establishing the existence of a triable issue of fact concerning her claim that the pavement was in disrepair *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Zuckerman v City of New York,* 49 NY2d 557; *Mascoli v Mascoli,* 129 AD2d 778). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.