■ GUY MATTHEWS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [620 NYS2d 268] —In action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated May 10, 1993, which, inter alia,

denied his motion denominated a motion for renewal but which was, in actuality, a motion for reargument of an earlier motion for leave to serve a late notice of claim upon the defendant, and is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the appeal from so much of the order and judgment as denied the motion is dismissed, and the order and judgment is otherwise affirmed, with costs.

The plaintiff's motion was based in large part on the plaintiff's hospital records and the report and affidavit of a physician. By these documents the plaintiff sought to establish that he failed to timely serve a notice of claim because he was disabled. The plaintiff's original application for leave to serve a late notice of claim was made in February 1990. At that time, the hospital records were in existence. However, the plaintiff has failed to offer a reasonable excuse as to why the hospital records were not submitted on the original application (see, Brooks v Inn at Saratoga Assn., 188 AD2d 921; Mayer v McBrunigan Constr. Corp., 123 AD2d 606; Caffee v Arnold, 104 AD2d 352).

Moreover, the plaintiff knew or ought to have known that a statement of a physician was essential to his claim that he was under a disability. However, he has also failed to offer a valid excuse for not submitting that additional material upon the original application. Renewal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Beiny, 132 AD2d 190, 210; see also, Barnes v State of New York, 159 AD2d 753; McRory v Craft Architectural Metals Corp., 12 AD2d 358).

Since the material submitted upon the motion could have been submitted upon the original motion, the motion denominated a motion for renewal was in effect for reargument (see, DeFreitas v Board of Educ., 129 AD2d 672). Since no appeal lies from the denial of reargument, the appeal from so much of the order and judgment as denied the plaintiff's motion is dismissed, and the order and judgment is otherwise affirmed. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.