■ IONA FRANKLIN, Appellant, v MAN-DEL FOOD STORES, INC., Respondent. [632 NYS2d 467] —Appeal by the plaintiff from an order of the Supreme Court, Queens County (Di Tucci, J.), dated May 2, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Di Tucci at the Supreme Court. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ FREEMAN PROVISIONS, INC., Respondent, v INVESTORS INSURANCE COMPANY OF AMERICA, Appellant. [632 NYS2d 23] —In an action for a judgment declaring that the defendant must defend and, if necessary, indemnify the plaintiff in an underlying action to recover damages for personal injuries and wrongful death, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Friedmann, J.), dated November 15, 1993, as denied (1) that branch of its motion which was for "reargument" of a prior motion for summary judgment, and (2) that branch of its motion which was to dismiss the complaint for lack of subject matter jurisdiction.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was for "reargument" is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The branch of the defendant's motion which was for "reargument" was properly treated as such, since it was based upon facts available at the time the original motion was made *(see, Matthews v New York City Hous. Auth.,* 210 AD2d 205; *Mgrditchian v Donato,* 141 AD2d 513). No appeal lies from an order denying reargument *(see, DeFreitas v Board of Educ.,* 129 AD2d 672).

The defendant's assertion that the Supreme Court lacked subject matter jurisdiction over this action is without merit *(see generally, Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159). Mangano, P. J., Joy, Krausman and Florio, JJ., concur.