■ LIBBY SAPINKOPF et al., Appellants, v MARRIOTT HOST et al., Respondents. [638 NYS2d 153] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lonschein, J.), entered September 27, 1994, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) an order of the same court, entered February 2, 1995, which denied their motion for, in effect, reargument.

Ordered that the order entered September 27, 1994, is affirmed; and it is further,

Ordered that the appeal from the order entered February 2, 1995, is dismissed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Libby Sapinkopf allegedly slipped and fell in the hallway of Booth Memorial Hospital in Queens. She and her husband commenced this action against the parties responsible for the maintenance of the hallway on the theory that the floor was slippery due to the use of incorrect wax and/or the negligent application and/or maintenance of the wax. However, in response to the defendants' motion for summary judgment, the plaintiffs merely proffered evidence that the floor was slippery. This Court has stated: "The fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence" (Silver v Brodsky, 112 AD2d 213, 214; see also, Galler v Prudential Ins. Co., 63 NY2d 637; Calabrese v B.P.O. Elks Lodge #744, 215 AD2d 345; Pizzi v Bradlees's Div., 172 AD2d

504). Thus, the defendants' motion for summary judgment was properly granted.

The plaintiffs' motion, denominated as one for reargument and renewal, was in actuality one for reargument *(see, Matthews v New York City Hous. Auth.,* 210 AD2d 205). An order denying such a motion is not appealable *(see, Matthews v New York City Hous. Auth., supra).* Balletta, J. P., Ritter, Altman and Hart, JJ., concur.