(March 31, 1997)

■ VICKI AGOGLIA et al., Respondents, v STERLING FOSTER & COMPANY, INC., Doing Business as J. GREGORY & COMPANY, INC., et al., Appellants, et al., Defendants. [655 NYS2d 636] —In

an action, *inter alia,* to recover damages for wrongful death, the defendants Sterling Foster & Co., Inc., Adam Lieberman, Vincent Carella, Charles Distefano, Charles Volpe, Robert Pratt, and Joseph Pagliarulo, and the defendants Boardwalk Management Corp. d/b/a The Seaport, Terence Beglane, and Thomas Hangarter separately appeal from an order of the Supreme Court, Suffolk County (Lama, J.), entered July 8, 1996, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the appellants' respective motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

A group of coemployees, including William Agoglia, the plaintiffs' decedent, attended a weekend party at a house allegedly owned or leased by some of the defendants. At about 9:30 on the morning of July 4, 1993, Agoglia got up from the beach chair in which he had been dozing in the sun, and dove headfirst into the shallow end of a swimming pool on the property. Agoglia, who was instantly rendered quadriplegic, died of his injuries some five weeks later.

Agoglia's widow and two infant children, who were not present at the weekend party, sued, *inter alia,* six of the decedent's coemployees, his former employer, a corporation subsequently formed by one of the coemployees (said to be a successor corporation to the original employer), and the owners and operators of a bar where the decedent was alleged to have been drinking the night before his accident. The complaint generally alleged that the collective negligence of these defendants was responsible for the decedent's injuries and death.

On this record, the appellants' separate motions for summary judgment dismissing the complaint insofar as asserted against them should have been granted. CPLR 3212 (f) does not countenance the postponement of summary disposition where, in opposing the defendants' motion, the plaintiff merely speculates that "discovery might uncover * * * that [the injuries sued upon] resulted from the defendant's negligence" *(Wood v Otherson,* 210 AD2d 473, 474; *Zarzona v City of New York,* 208 AD2d 920; *Kracker v Spartan Chem. Co.,* 183 AD2d 810, 811; *European Am. Bank v Lofrese,* 182 AD2d 67, 74; *Weinstein v Cohen,* 179 AD2d 806, 807; *Plotkin v Franklin,* 179 AD2d 746). We note that in opposing the moving defendants' showing of entitlement to summary judgment, the plaintiffs submitted only a hearsay affidavit relating rumors heard from other individuals, none of whom witnessed the decedent's accident

*(see, e.g., Rosenthal v Village of Quogue,* 205 AD2d 745, 746; *Mackay v Starrett City,* 177 AD2d 620). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.