■ ROBERT ANDERSON, Respondent, v 35 WEST 23RD STREET CONDOMINIUM, Appellant. [658 NYS2d 651] —In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated October 15, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, while working in his capacity as a mail carrier, allegedly slipped and fell on the floor of the lobby in the defendant's premises. At his examination before trial, the plaintiff testified that the entire floor was covered with a clear cleaning solution or liquid wax, and, although the tiles felt slippery or oily, there was no substance of any thickness on the floor.

The plaintiff has failed to present any evidence demonstrat-

ing that the defendant was negligent in its application of wax or polish to the floor, or that it otherwise created a hazardous condition (see, Calabrese v B.P.O. Elks Lodge #744, 215 AD2d 345, 346; Pizzi v Bradlee's Div., 172 AD2d 504; Silver v Brodsky, 112 AD2d 213).

Furthermore, there is no evidence that the defendant had actual notice of a foreign substance or allegedly hazardous condition prior to the accident, or evidence from which a jury could infer constructive notice (see, Moss v JNK Capital, 211 AD2d 769, affd 85 NY2d 1005, for reasons stated below; Fasolino v Charming Stores, 77 NY2d 847, 848; Davis v Supermarkets Gen. Corp., 205 AD2d 730).

Lastly, the doctrine of res ipsa loquitur is not applicable to the facts presented in this case (see, Ebanks v New York City Tr. Auth., 70 NY2d 621; Prame v Ames Dept. Stores, 176 AD2d 1215; La Plante v State of New York, 31 AD2d 570, affd 28 NY2d 575). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.