■ ROSEMEYER LATHAN, Respondent, v NCAS REALTY MANAGEMENT CORP. et al., Appellants, et al., Defendants. [658 NYS2d 436] —In an action to recover damages for personal injuries, the defendants NCAS Realty Management Corp., Norwood A. Campbell, Alex Shapiro, George Bookis, Pierpointe on the Hudson Condominium I, and Board of Managers of Pierpointe on the Hudson Condominium I appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), dated May 3, 1996, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion is granted, the complaint is dismissed insofar as asserted against the appellants and the action against the remaining defendants is severed.

The plaintiff alleged that she slipped and fell on the lobby floor on the appellants' premises, causing her to sustain personal injuries, as a result of the appellants' negligence in creating a dangerous condition. In her affidavit submitted in

opposition to the appellants' motion for summary judgment, the plaintiff averred that a wax buildup caused her to slip and fall and that there was an excessive application of wax on the floor. " '[T]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence' " *(Pizzi v Bradlee's Div.,* 172 AD2d 504, 505-506, quoting *Silver v Brodsky,* 112 AD2d 213, 214).

The plaintiff has failed to present any evidence demonstrating that the appellants were negligent in their application of wax or polish to the floor or that they otherwise created a hazardous condition. Additionally, the record does not reveal any triable issue of fact as to the required element of notice, either actual or constructive. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.