■ TANYA MALOTT, Appellant, v INTERNATIONAL PROPERTIES PARTNERSHIP, Respondent. [666 NYS2d 411] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered November 13, 1996, dismissing the complaint, and bringing up for review a prior order granting defendant's motion for summary judgment, unanimously affirmed, without costs.

The action was properly dismissed in the absence of evidence that defendant landlord had mopped the floor or otherwise created the wet condition that allegedly caused plaintiff tenant to slip and fall, or had actual or constructive notice of such condition (*compare, Crosby v Ogden Servs. Corp.*, 236 AD2d 220; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106). The doctrine of res ipsa loquitur is not applicable to the facts presented (*see, Anderson v 35 W. 23rd St. Condominium*, 240 AD2d 446). Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.

■ VICTORIA LUGO, Appellant, v MT. SINAI HOSPITAL et al., Respondents. [666 NYS2d 411] —Order, Supreme Court, New York County (Carol Arber, J.), entered November 13, 1996, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant employer articulated a legitimate, nondiscriminatory reason for the termination, and plaintiff has not raised a triable issue of fact as to whether the reasons proffered for the termination were a pretext for discrimination (*see, Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937). The cause of action against the individual defendant for tortious interference with contract was properly dismissed for the independent reason that plaintiff did not have rights amounting to an enforceable employment agreement with defendant employer (*see, McDowell v Dart*, 201 AD2d 895). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.