■ RUSSELL HOPKINS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [669 NYS2d 667] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated November 12, 1996, as granted the motion by the respondents City of New York and Board of Education of City of New York for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated April 7, 1997, which denied the plaintiff's motion, in effect, for reargument of the respondents' motion for summary judgment.

Ordered that the appeal from the order dated April 7, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 12, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff was injured while performing a front aerial somersault he attempted while engaged in a gymnastics floor exercise routine. The plaintiff was an experienced gymnast who had spent approximately two hours warming up on the mats where he ultimately injured himself. We agree with the Supreme Court that the plaintiff assumed the known, apparent, and/or reasonably foreseeable risks associated with his sport, including a certain amount of variability in the resiliency of the mats upon which he elected to execute his gymnastic maneuvers (*see, e.g., Bailey v Town of Oyster Bay,* 227 AD2d 427; *Alvarez v Incorporated Vil. of Hempstead,* 223 AD2d 663; *Castello v County of Nassau,* 223 AD2d 571; *Weithofer v Unique Racquetball & Health Clubs,* 211 AD2d 783).

We also agree with the Supreme Court's conclusion that the plaintiff failed to make a sufficient evidentiary showing that the condition of the mats was a proximate cause of his injury. According to the plaintiff's expert, the plaintiff landed badly from his somersault because the respondents' mats were too "soft" to permit a proper take-off. However, in describing the reason for his fall, the plaintiff said that his foot or feet slipped on the mat as he was launching himself into the air—*not* that he sank into too "mushy" a surface as he began his vault (*see, e.g., Lynn v Lynn,* 216 AD2d 194).

The court also properly denied the plaintiff's motion, in effect, to reargue. The eyewitness affidavit that the plaintiff proffered in support of this motion was made approximately seven years after he commenced his lawsuit, and gave yet a third theory of how his accident happened. The plaintiff did not offer a valid excuse for his failure to submit this affidavit on the prior application, and did not demonstrate that he exercised due diligence in seeking out this witness, whose name, address, and telephone number had appeared on the original accident report (*see, e.g., Wagman v Village of Catskill,* 213 AD2d 775; *Matthews v New York City Hous. Auth.,* 210 AD2d 205). Accordingly, because the new material could have been submitted on the original motion, the plaintiff's motion to renew and reargue was, in effect, one to reargue and the appeal from its denial must be dismissed (*see, Matthews v New York City Hous. Auth., supra; DeFreitas v Board of Educ.,* 129 AD2d 672).

The plaintiff's remaining contentions are without merit. Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.