■ Joan Guarino, Respondent, v La Shellda Maintenance Corp., Appellant. (And a Third-Party Action.) [675 NYS2d 374] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 15, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly fell on a smooth tile floor in the Kings Plaza Macy's Department store in which she was employed. Her bill of particulars charged that she slipped on "the danger-

ous highly polished floor". She was unable to identify any other alleged defect in the floor, admitting "there was nothing" apparently wrong with the floor. In this action she seeks to recover damages from the appellant, the corporation contractually obligated to supply custodial services to Macy's Kings Plaza store.

It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (*Lathan v NCAS Realty Mgt. Corp.,* 240 AD2d 474; *Finan v Atria E. Assocs.,* 230 AD2d 707; *Bauer v Hirschbedner Assocs.,* 228 AD2d 400; *Paul v Roman Catholic Church of Holy Innocents,* 226 AD2d 515; *Sapinkopf v Marriott Host,* 224 AD2d 512; *Yaroschak v Suffern Window Cleaning Co.,* 174 AD2d 887; *Pizzi v Bradlee's Div.,* 172 AD2d 504).

Here, the plaintiff relies heavily upon an affidavit of a purported expert who opined that the appellant negligently applied a floor finish over loose dirt and grit and that this resulted in a slippery condition. However, even assuming that this affiant, with a background in electrical engineering, can be considered to be an expert in floor care, his conclusions are not based upon any facts in the record and are wholly speculative and conclusory. Accordingly, this affidavit was insufficient to give rise to any genuine issues of fact (*see, Murphy v Conner,* 84 NY2d 969, 972; *Santo v Astor Ct. Owner's Corp.,* 248 AD2d 267; *Savage v Oyster Bay Columbians,* 244 AD2d 472; *Pizzi v Bradlee's Div., supra*), and failed to show that the appellant's maintenance of the floor did not conform to industry standards (*see, Beyda v Helmsley Enters.,* 245 AD2d 479). Nor did the affidavits of three other former Macy's employees, allegedly recounting other falls at undisclosed prior times and/or in other areas of the store, suffice to create issues of fact that the appellant was negligent in the maintenance of the floor at the time of the plaintiff's fall. Such evidence merely suggested that the floors in the store were occasionally slippery (*see, Yaroschak v Suffern Window Cleaning Co., supra,* at 888). Inasmuch as the plaintiff did not rebut the appellant's prima facie showing of entitlement to judgment as a matter of law, the appellant's motion for summary judgment should have been granted. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.