■ WILMA LEE, Respondent, v RITE AID OF NEW YORK, INC., Appellant. [689 NYS2d 199] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 17, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to any inference of negligence (*see, Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514; *Lathan v NCAS Realty Mgt. Corp.,* 240 AD2d 474; *Sapinkopf v Marriott Host,* 224 AD2d 512; *Calabrese v B.P.O. Elks Lodge 744,* 215 AD2d 345).

The plaintiff adduced no proof as to the cause of her slip and fall in the defendant's store. Indeed, the plaintiff merely averred that the floor was "very slippery", and speculated that this condition was caused by the defendant's improper waxing.

However, she further testified that she did not notice any foreign matter or any wax buildup in the area where she fell, nor did she observe that her clothes were in any way stained as a result of coming into contact with the floor (*cf., Diehr v Association for Retarded Citizens,* 233 AD2d 818; *Panagakos v Greek Archdiocese,* 213 AD2d 336). Under these circumstances, the plaintiff failed to raise a material issue of fact sufficient to defeat the defendant's motion after the defendant established a prima facie case for summary judgment (*see, Anderson v 35 W. 23rd St. Condominium,* 240 AD2d 446; *see also, Zuckerman v City of New York,* 49 NY2d 557). Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.