■ NANCY BRANDEFINE et al., Appellants, v NATIONAL CLEANING CONTRACTOR, INC., et al., Respondents. [696 NYS2d 520] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 9, 1998, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion to preclude the defendants from presenting evidence at trial.

Ordered that the order is affirmed, with costs.

The injured plaintiff, Nancy Brandefine, allegedly slipped on a linoleum floor near the customer service desk of a Staten Island branch of Citibank, where she was employed. She alleged that she slipped on the very shiny tiles, a condition she attributed to the defendants' alleged excessive application of wax to the floor the night before the accident.

It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (*see, Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514; *see also, Lathan v NCAS Realty Mgt. Corp.,* 240 AD2d 474). During her deposition, the injured

plaintiff admitted that she felt no substance on the floor or her clothing after the fall. No evidence was presented that the defendants either created the alleged dangerous condition or had actual or constructive notice of the existence of the condition.

The conclusions of the plaintiffs' purported expert were wholly speculative, since they were not based upon an inspection of the accident site but were derived solely from the plaintiffs' conclusory statements that there was excessive wax on the floor. Accordingly, that affidavit was insufficient to give rise to any genuine issues of fact (*see, Murphy v Conner,* 84 NY2d 969, 972; *see also, Guarino v La Shellda Maintenance Corp., supra*).

Inasmuch as the plaintiffs failed to raise an issue of fact in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the Supreme Court did not err in granting summary judgment to the defendants (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 AD2d 557, 562).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.