■ FRANCES BECKER et al., Respondents, v CORTLANDT COLONIAL RESTAURANT, INC., Appellant. [709 NYS2d 620] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 12, 1999, as, upon granting the plaintiffs' motion for renewal and reargument, vacated a prior order of the same court, entered May 13, 1999, granting its motion for summary judgment dismissing the complaint, and, upon renewal and reargument, denied the motion.

Ordered that the order entered August 12, 1999, is reversed insofar as appealed from, on the law, with costs, the order entered May 13, 1999, is reinstated, and upon reargument and renewal, the determination made in the order entered May 13, 1999, is adhered to.

The injured plaintiff allegedly fell while dancing at a restaurant owned by the defendant. The plaintiffs commenced this action, alleging that the fall was caused by the defendant's negligent maintenance of the dance floor. The Supreme Court ultimately denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

"It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Guarino v La Shellda Maintenance Corp., 252 AD2d 514, 515; see also, Kline v Abraham, 178 NY 377; Lathan v NCAS Realty Mgt. Corp., 240 AD2d 474). In support of its motion for summary judgment, the defendant established that there was no defective condition on the dance floor on the night in question. The dance floor was level and clean and there was no garbage, debris, liquid, food, or grease in the area where the injured plaintiff fell. In opposi-

tion to the motion, the plaintiffs offered no evidence of the cause of the fall other than that the dance floor was slippery, which was insufficient to defeat the motion for summary judgment (*see, Murphy v Conner,* 84 NY2d 969). Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.