■ LAURIE VITE et al., Appellants, v MINISTER, ELDERS AND DEACONS OF REFORMED PROTESTANT DUTCH CHURCH IN CITY OF NEW YORK, et al., Defendants and Third-Party Plaintiffs-Respondents. MILLAR ELEVATOR INDUSTRIES, INC., et al., Third-Party Defendants-Respondents. [735 NYS2d 165] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated September 6, 2000, as granted those branches of the respective motions of the defendants third-party plaintiffs and second third-party plaintiffs, the third-party defendant, and the second third-party defendant which were for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In support of their motion for summary judgment dismissing the complaint, the defendants third-party plaintiffs and second third-party plaintiffs met their burden of establishing that they did not create or have notice of the allegedly dangerous condition that allegedly caused the injured plaintiff's injuries. The mere fact that the lobby floor appeared to be highly polished in some areas does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (*see, Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514; *Guzman v Initial Contract Servs.,* 256 AD2d 308). In opposition, the plaintiffs failed to raise a triable issue of fact warranting a trial. As such, the Supreme Court

correctly granted those branches of the respondents' respective motions which were for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.