■ GARY BIELAK, Respondent, v PLAINVILLE FARMS, INC., Defendant, and GREAT NORTHERN MALL et al., Appellants. [750 NYS2d 729] —Appeal from that part of an order of Supreme Court, Onondaga County (Major, J.), entered August 29, 2001, that denied the motion of defendants Great Northern Mall, Great Northern Mall, L.P., Great Northern Holdings, L.P., and Great Northern Mall, Inc. for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this action arising out of a slip and fall at defendant Great Northern Mall, Supreme Court properly denied the motion for summary judgment of Great Northern Mall, Great Northern Mall, L.P., Great Northern Holdings, L.P., and Great Northern Mall, Inc. (defendants). By submitting the one-page affidavit from the risk control manager of the entity that operated and maintained Great Northern Mall for defendants, along with the pleadings, defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The affidavit is based upon hearsay rather than personal knowledge, and thus it is "without evidentiary value" (*Zuckerman v City of New York,* 49 NY2d 557, 563). Furthermore, the affidavit addresses only the issue of defendants' actual notice of the dangerous condition, an issue conceded by plaintiff. Absent proof in admissible form establishing that defendants lacked constructive notice of that condition, the burden never shifted to plaintiff to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.