■ ERNESTINE CRIBBS, Appellant, v ISS INTERNATIONAL SERVICE SYSTEM, INC., Respondent. [751 NYS2d 534] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated February 26, 2001, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell on a smooth tile floor in the hallway of a pedestrian bridge connecting her place of employment to a neighboring building. She testified at an examination before trial that there was no debris or substance on the floor, that the floor was dry, and that she was not aware of any defect in the tile.

The Supreme Court properly concluded that the defendant made a prima facie showing of entitlement to judgment as a matter of law with the submission of the deposition testimony of the plaintiff, who claimed only that the floor was "heavily waxed" and that it "looked like glass" (see Becker v Cortlandt Colonial Rest., 273 AD2d 425; Mroz v Ella Corp., 262 AD2d 465; Pizzi v Bradlee's Div. of Stop & Shop, 172 AD2d 504). "It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Guarino v La Shellda Maintenance Corp., 252 AD2d 514, 515; see Brandefine v National Cleaning Contr., 265 AD2d 441; Guzman v Initial Contr. Servs., 256 AD2d 308).

The plaintiff did not raise a triable issue of fact, as she produced no evidence of negligence on the part of the defendant's employees in the application of the floor wax. "[C]onclusory and unsubstantiated allegations that the floor was over-waxed and exceptionally shiny" are not sufficient to "raise an issue of fact concerning an alleged negligent application of wax" (Malmut v Lindenwood Vil. Coop Corp., 272 AD2d 528; see Goldblatt v LaShellda Maintenance Co., 278 AD2d 451; Becker v Cortlandt Colonial Rest., 273 AD2d 425; Pizzi v Bradlee's Div. of Stop & Shop, supra). Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.