■ Daniel Wallach, Appellant, v American Home Products Corporation, Doing Business as Quinton Fitness Equipment, et al., Respondents, et al., Defendant. [751 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Skelos, J.), entered July 17, 2001, which granted the separate motions of the defendants American Home Products Corporation and Quinton Instrument Company, sued here collectively as American Home Products Corporation doing business as Quinton Fitness Equipment, and the defendant New York Health & Raquet Club, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

This is an action to recover damages for personal injuries sustained by the plaintiff when he fell from a treadmill at the New York Health & Racquet Club. The treadmill was manufactured by the defendant Quinton Instrument Company, which was later acquired by the defendant American Home Products Corporation. The evidence submitted by the defendants demonstrated that the treadmill was reasonably safe for its intended use without a side handrail (*see Aghabi v Sebro,* 256 AD2d 287, 288). Contrary to the plaintiff's contention, the defendants made a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence demonstrating the absence of any material issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Porter v Uniroyal Goodrich Tire Co.,* 224 AD2d 674). The bare conclusory assertions contained in the affidavit of the plaintiff's expert, which consisted primarily of speculative allegations with no independent factual basis, were insufficient to raise a triable issue of fact and defeat the defendants' separate motions for summary judgment (*see Aghabi v Sebro, supra*).

We agree with the Supreme Court that the plaintiff assumed the known, apparent, and/or reasonably foreseeable risks associated with running on a treadmill (*see Hopkins v City of New York,* 248 AD2d 441).

The plaintiff's remaining contentions are without merit. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.