■ MELVIN MILES, Appellant, v STATEN THEATRE GROUP et al., Defendants, and SHOWPLACE BOWLING CENTER, Respondent. [754 NYS2d 557] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered March 18, 2002, which granted the motion of the defendant Showplace Bowling Center for summary judgment dismissing the complaint insofar as asserted against it and denied his cross motion to strike the answer of that defendant.

Ordered that the order is affirmed, with costs.

It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (*see Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514, 515; *Brandefine v National Cleaning Contr.,* 265 AD2d 441; *Guzman v Initial Contr. Servs.,* 256 AD2d 308). The Supreme Court properly determined that the defendant Showplace Bowling Center made a prima facie showing of entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony that the floor where he fell was "very, very shiny" (*see Becker v Cortlandt Colonial Rest.,* 273 AD2d 425; *Mroz v Ella Corp.,* 262 AD2d 465; *Pizzi v Bradlee's Div. of Stop & Shop,* 172 AD2d 504, 505).

In opposition, the plaintiff failed to raise a triable issue of fact. The conclusions of the plaintiff's purported expert were conclusory, speculative, and not based upon an inspection of the accident site (*see Murphy v Conner,* 84 NY2d 969, 972; *Lindeman v Vechhione Constr. Corp.,* 275 AD2d 392; *Brandefine v National Cleaning Contr., supra; Guarino v La Shellda Maintenance Corp., supra*).

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.