■ DONNA MESTRIC, Appellant, v MARTINEZ CLEANING CO., INC., et al., Respondents. [761 NYS2d 504] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 27, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated their entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). In opposition, the plaintiff failed to sufficiently identify the alleged substance which caused her to fall (*see Lee v Rite Aid of N.Y.,* 261 AD2d 368 [1999]; *Guzman v Initial Contr. Servs.,* 256 AD2d 308 [1998]; *Pizzi v Bradlee's Div. of Stop & Shop,* 172 AD2d 504, 505 [1991]). The plaintiff merely speculated that she slipped and fell on an improperly waxed or polished floor (*see Silver v Brodsky,* 112 AD2d 213 [1985]). Moreover, the plaintiff's affidavit was insufficient to show the existence of a triable issue of fact because it contradicted her earlier deposition testimony and was clearly designed to avoid the consequences of her earlier admissions (*see Hartman v Mountain Val. Brew Pub,* 301 AD2d 570 [2003]; *Marcelle v New York City Tr. Auth.,* 289 AD2d 459 [2001]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]). The expert affidavit submitted by the plaintiff failed to raise a question of fact because it was speculative, unsubstantiated, and conclusory (*see Banks v Freeport Union Free School Dist.,* 302 AD2d 341 [2003]; *Lindeman v Vecchione Constr. Corp.,* 275 AD2d 392 [2000]; *Brandefine v National Cleaning Contr.,* 265 AD2d 441 [1999]). Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.