■ LILYAN TOMOL et al., Appellants, v SBARRO, INC., Doing Business as BOULDER CREEK STEAKHOUSE AND SALOON, Respondent. [761 NYS2d 845] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered July 16, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (*Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514, 515 [1998]; *see also Brandefine v National Cleaning Contr.*, 265 AD2d 441 [1999]; *Guzman v Initial Contr. Servs.*, 256 AD2d 308 [1998]). After the defendant established a prima facie case of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. The plaintiffs adduced no proof as to the cause of the injured plaintiff's slip and fall. The injured plaintiff and her witnesses merely asserted that the floor was "very shiny" and "very slippery" and speculated that it was caused by improper waxing (*see Lee v Rite Aid of N.Y.*, 261 AD2d 368 [1999]; *Becker v Cortlandt Colonial Rest.*, 273 AD2d 425 [2000]; *Mroz v Ella Corp.*, 262 AD2d 465 [1999]; *Pizzi v Bradlee's Div. of Stop & Shop*, 172 AD2d 504 [1991]). The plaintiffs' expert, who found that the friction coefficient of the restaurant floor did not meet industry standards, merely concluded in his affidavit that the floor was slippery due to its smoothness (*see Mroz v Ella Corp.*, *supra* at 466). Moreover, his opinion is highly speculative and conclusory as it is based upon facts not in the record and was therefore insufficient to raise a triable issue of fact (*see Guarino v La Shellda Maintenance Corp.*, *supra* at 515; *Murphy v Conner*, 84 NY2d 969 [1994]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.