In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered September 4, 2002, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
A defendant is entitled to judgment as a matter of law where the plaintiff is unable to identify any defect in the floor upon which he or she fell other than to describe it as smooth or shiny (see Pizzi v Bradlee’s Div. of Stop & Shop, 172 AD2d 504 [1991]). Indeed, it is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (see Lee v Rite Aid of NY., 261 AD2d 368 [1999]). Here, the defendant established a prima facie case of entitlement to judgment as matter of law by demonstrating that it neither created nor had notice of the alleged condition which caused the plaintiff to fall. The plaintiff failed to raise a triable issue of fact in opposition to the motion, since at her deposition she merely described the floor on which she fell as looking “wet,” “shiny,” and “waxed” to a high gloss. She did not remember her clothes feeling wet after she fell, nor did she observe any of the defendant’s employees working in the area before her fall. The plaintiffs affidavit in opposition to the motion for summary judgment also was insufficient to raise a triable factual issue, inasmuch as it presented a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony (see Hartman v Mountain Val. Brew Pub, 301 AD2d 570 [2003]; Bloom v La Femme Fatale of Smithtown, 273 AD2d 187 [2000]). Accordingly, the Supreme Court properly granted summary judgment in favor of the defendant dismissing the *488 complaint. S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.