■ MILDRED VENTRIGLIO et al., Respondents, v STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [774 NYS2d 571]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated December 18, 2002, which granted the plaintiffs' motion for leave to serve an amended complaint and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff's decedent, Anthony Ventriglio, allegedly was injured in 1992 while a patient in the defendant hospital when he slipped and fell on the floor in his hospital room. The plaintiff commenced this action claiming that the defendant allowed the floor to remain in a slippery dangerous condition. Approximately 10 years later, the plaintiffs moved, in effect, for leave to serve an amended complaint to assert a new cause of action alleging medical malpractice and/or negligence in the care, treatment, and services rendered by the defendant's health care personnel. The defendant opposed the plaintiffs' motion, and cross-moved for summary judgment dismissing the complaint contending that there was no showing of negligence on its part.

"It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (*Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514, 515 [1998]; *see Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]; *Miles v Staten Theatre Group*, 302 AD2d 373 [2003]; *Cribbs v ISS Intl. Serv. Sys.*, 300 AD2d 339, 340 [2002]; *Becker v Cortlandt Colonial Rest.*, 273 AD2d 425 [2000]). The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that there was no negligent application of wax.

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986];

*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The proof tendered by the plaintiffs which consisted of excerpts from the deposition testimony of, among others, the plaintiffs' decedent, and an eyewitness's affidavit, constituted mere speculation and inadmissible hearsay as to the condition of the floor . Therefore, it was insufficient to raise a triable issue of fact as to the cause of the accident (*see Bielak v Plainville Farms,* 299 AD2d 900 [2002]; *Grant v Radamar Meat,* 294 AD2d 398, 399 [2002]; *Wilbur v Wilbur,* 266 AD2d 535, 536 [1999]; *Agoglia v Sterling Foster & Co.,* 237 AD2d 549, 550 [1997]).

Moreover, the plaintiff's motion for leave to serve an amended complaint, made more than 10 years after the accident, should have been denied. The proposed amendment could not be deemed to relate back to the date of the original complaint as the original complaint did not give the defendant notice of the transactions or occurrences underlying the proposed amended complaint (*see* CPLR 203 [f]; *see also Clark v Foley,* 240 AD2d 458, 459 [1997]; *Menis v Raksin,* 125 AD2d 375, 376 [1986]). Thus, the plaintiff's newly-asserted claim was time-barred, regardless of whether it sounded in medical malpractice (*see* CPLR 214-a), ordinary negligence (*see* CPLR 214 [5]), or professional malpractice (*see* CPLR 214 [6]).

Accordingly, the Supreme Court should have denied the plaintiffs' motion for leave to serve an amended complaint, and granted the defendant's cross motion for summary judgment dismissing the complaint. Altman, J.P., Florio, Smith and Rivera, JJ., concur.