■ BARNO KHAIMOVA et al., Appellants, v OSNAT CORP., Doing Business as DARYO RESTAURANT, Respondent. [799 NYS2d 779]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated December 18, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in

entertaining the defendant's belated motion for summary judgment since good cause was shown by the defendant pursuant to CPLR 3212 (a) (*see Brill v City of New York*, 2 NY3d 648 [2004]).

In the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence (*see Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]; *Miles v Staten Theatre Group*, 302 AD2d 373 [2003]; *Cribbs v ISS Intl. Serv. Sys.*, 300 AD2d 339, 340 [2002]; *Becker v Cortlandt Colonial Rest.*, 273 AD2d 425 [2000]). The defendant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The proof tendered by the plaintiffs, which consisted of the deposition testimony of the injured plaintiff and the affidavit of an eyewitness, constituted mere speculation that the floor had been improperly waxed or polished prior to the accident. Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.