■ SHEILA GREENBERG, Appellant, v GARDEN JEWISH CENTER OF FLUSHING, INC., et al., Respondents. [828 NYS2d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 6, 2005, as granted those branches of the motion of the defendant Dance Connection, Inc., and the separate motion of the defendant Garden Jewish Center of Flushing, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants established their prima facie entitlement to judgment as a matter of law. The defendants established, prima facie, that they did not create the alleged defect or have actual or constructive notice of the specific condition which allegedly caused the plaintiff to fall (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In response, the plaintiff failed to submit evidence sufficient to defeat their entitlement to judgment as a matter of law. The plaintiff's mere speculation that the floor was not properly waxed was insufficient to raise a triable issue of fact (*see Khaimova v Osnat Corp.*, 21 AD3d 401 [2005]; *Ventriglio v Staten Is. Univ. Hosp.*, 6 AD3d 525 [2004]; *Tomol v Sbarro, Inc.*, 306 AD2d 461 [2003]; *Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514 [1998]). Even assuming that the plaintiff's expert, who first examined the accident site more than five years after the accident, was qualified in the field of floor care, his affidavit was speculative, conclusory, and insufficient to raise a triable issue of fact (*see Van Skyock v Burlington N.-Santa Fe Co.*, 265 AD2d 545 [1999]; *Guarino v La Shellda Maintenance Corp., supra*).

Accordingly, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against them. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.