■ Frankie Rodriguez, Appellant, v 173-12 Operating Co., Inc., et al., Respondents. [9 NYS3d 60]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered September 3, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he slipped and fell due to the negligence of the defendants' employees in applying "Armor All," or a similar glaze-type substance, to the running boards of his vehicle in the course of a "VIP" carwash. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that Armor All or a similar substance was not applied to the running boards of the plaintiff's vehicle. In this respect, the defendants submitted a transcript of the deposition testimony of their representative, who stated that, absent a specific request, Armor All, or any similar substance, was not applied to the running boards of any vehicle in the course of a VIP carwash (cf. Halloran v Virginia Chems., 41 NY2d 386, 391 [1977]). In opposition, the plaintiff failed to raise a triable issue of fact. He merely asserted that the running board upon which he slipped was shiny and slippery, and speculated that such condition was caused by the defendants' improper application of Armor All or a similar substance (see Khaimova v Osnat Corp., 21 AD3d 401 [2005]; Ventriglio v Staten Is. Univ. Hosp., 6 AD3d 525 [2004]; Tomol v Sbarro, Inc., 306 AD2d 461 [2003]; Lee v Rite Aid of N.Y., 261 AD2d 368 [1999]). Moreover, the opinion of the plaintiff's proposed expert was based on the assumption that Armor All, or a similar substance, was indeed applied to the running boards of the plaintiff's vehicle.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.