■ FRANCES FINAN et al., Respondents, v ATRIA EAST Associates et al., Appellants. [646 NYS2d 164] —In an action to recover damages for personal injuries, etc., the defendants Atria East Associates and Linque Management appeal, and the defendant Laro Maintenance Co., Inc., separately appeals, from an order of the Supreme Court, Nassau County (Segal, J.), dated August 4, 1995, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Frances Finan slipped and fell in the lobby of a building owned by Atria East Associates (hereinafter Atria East) and managed by Linque Management Company, Inc. (hereinafter Linque Management). Laro Maintenance Company, Inc. (hereinafter Laro Maintenance), was responsible for maintaining the floors in the building. In opposition to the defendants' motions for summary judgment, the plaintiffs submitted an affidavit of a floor care and maintenance expert which stated that Laro Maintenance was negligent in the way it waxed and buffed the floor and that its negligence caused the plaintiff Frances Finan to slip and fall. The Supreme Court denied the respective motions for summary judgment finding triable issues of fact as to whether the waxing and buffing procedure was performed negligently and whether Atria East and Linque Management were on constructive notice of a dangerous condition.

It is well settled that "[t]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence" (Silver v Brodsky, 112 AD2d 213, 214, citing Swartz v Rose, 40 AD2d 1028; Paul v Roman Catholic Church of Holy Innocents, 226 AD2d 515). Here, the affidavit submitted by the plaintiffs' expert was sufficient to raise a triable issue of fact as to whether Laro Maintenance was negligent in its application of wax and buffing of the floor.

Furthermore, the record raises a triable issue of fact as to whether Atria East and Linque Management were on constructive notice of an allegedly longstanding defective condition created by Laro Maintenance (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837; Fischer v Battery Bldg. Maintenance Co., 135 AD2d 378).

Accordingly, the Supreme Court properly denied the respective defendants' motions. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.