■ Richard Grossman, Respondent, v TCR, Also Known as The Club of Riverdale, Appellant. [37 NYS3d 514]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 10, 2015, which denied defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

To establish a defendant's liability in a slip and fall case, a plaintiff must show that the plaintiff's injury was caused by a hazardous condition on the defendant's premises of which the defendant had actual or constructive notice (see *Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). We are unable to determine as a matter of law, on this record, whether a hazardous or defective condition was created by the presence of water at the location at issue on defendant's locker room floor, and, if so, whether defendant had notice of it.

Plaintiff asserts that he slipped and fell on water on the tile floor of defendant's men's locker room. He testified at deposition that after swimming in defendant's pool and then showering in the poolside showers, he walked down the corridor between the pool and the men's locker room. Dri-Dek matting covered the ceramic tile flooring from pool-side into the corridor, but as the corridor approached the locker room area the Dri-Dek matting ended, requiring him to continue on into the locker room on the glossy ceramic floor tiles. Although plaintiff looked down at the tiles to see if they were wet prior to stepping off the matting, when he stepped onto the tiles he slipped and fell. While on the ground, he saw beads of water on the tile. He did not see any "wet floor" warning signs in the area of his fall.

The location in the locker room where plaintiff fell was apparently in a central spot from which a patron could access the showers, sinks, sauna and steam room, as well as the pool-access corridor; also within a few feet was a bathing suit spinner machine mounted on a wall and a nearby floor drain. The locker room also has two separate locker areas, one for daily users, the other for annual fee-paying members; the latter locker area is carpeted.

Plaintiff asserted that at times, one of the shower stalls would cause a water problem in which water flowed into the central locker room corridor and soaked the carpeting at the entrance to the so-called annual members' locker room; staff would periodically place towels on the floor in front of the

entrance to the annual members' locker room to protect the carpet.

One of defendant's maintenance employees, Eddie Vega, testified that two maintenance workers would be present during the day shift to clean, and that it was customary for the maintenance staff to mop the men's locker room every 15 to 20 minutes throughout the day; he did not testify as to when the area where plaintiff fell was inspected, or mopped, prior to plaintiff's accident that day.

Defendant's maintenance supervisor, Kendrick Bonner, testified that defendant's maintenance staff did not keep logs or checklists of work performed, and that they always kept "wet floor" signs in the area of the locker room at issue, so that the patrons would exercise care and so that the maintenance staff would not have to mop the area as often.

Initially, defendant cannot obtain summary judgment here by relying on the cases cited by the dissent, in which this Court dismissed personal injury claims arising out of slipping on water in gyms based on the reasoning that "water was necessarily incidental to the use of the area" (*Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493 [1st Dept 2016]; *Dove v Manhattan Plaza Health Club*, 113 AD3d 455 [1st Dept 2014], *lv denied* 24 NY3d 901 [2014]). In *Dove*, the plaintiff "slipped and fell on water located on the tile floor *around the indoor pool* of defendants' health club," prompting this Court to observe that "the presence of such water was 'necessarily incidental' to the use of the pool" (113 AD3d at 456 [emphasis added]). In *Noboa-Jaquez*, the plaintiff slipped on the tiled floor in the area of the gym's showers, and this Court applied the same reasoning as in *Dove* to hold that "[t]he mere presence of water on a tiled floor *adjacent to the gym's showers* cannot impart liability, particularly since water was necessarily incidental to the use of the area" (138 AD3d at 493 [emphasis added]). Neither of those holdings stands for the broader proposition that any water on a tiled floor anywhere in a locker room must preclude a claim for negligence because water is "necessarily incidental" to the entire locker room's intended use. From the evidence before us, it does not appear that plaintiff was in the shower area, and he had clearly left the pool area. Neither the presence of a drain in the floor nor the regular use of towels on parts of the floor to sop up excess water justifies concluding as a matter of law that the presence of water was "necessarily incidental" to the use of that area of the locker room so as to preclude a finding of liability. On the contrary, the need for the towels could support a finding that

there was a defective condition in the shower section of the locker room.

Nor can plaintiff's choice of the word "beads" to describe the water he observed on the floor properly be relied on to conclude as a matter of law that the condition was non-hazardous or a hazard that had only just been created.

The submitted evidence precludes determination as a matter of law regarding whether defendant had constructive notice of a hazardous wet condition. In particular, in the testimony of defendants' witness Eddie Vega, although he asserted that the floor was mopped "maybe every 15 to 20 minutes," he also acknowledged that there was no written schedule or written confirmation of mopping performed, and he was unable to affirmatively state when or whether the area in question had been mopped that day. Additionally, the testimony of maintenance supervisor Kendrick Bonner that the maintenance staff put out "wet floor" signs in an effort to avoid mopping as frequently, in effect acknowledged that mopping of wet floors was avoided, permitting the inference that it did not occur as often as necessary or expected. Furthermore, plaintiff's assertion that maintenance staff used towels at the doorway to the members' locker room to prevent that room's carpet from getting wet provides further support for the inference that staff did not mop up water on the main locker room tile floor with sufficient frequency to keep hazardous conditions from developing. Finally, since plaintiff was swimming for 40 minutes before returning to the locker room and slipping, the water could have accumulated at that spot and remained there for long enough to justify an inference of constructive notice.

Accordingly, the submissions failed to establish that defendant had a right to judgment as a matter of law. Concur—Saxe, Richter and Kahn, JJ.

Friedman, J.P., and Andrias, J., dissent in a memorandum by Friedman, J.P., as follows: After swimming in defendant fitness club's swimming pool, using a pool-side shower and toweling himself off, plaintiff walked down a matted corridor to the men's locker room. When plaintiff reached the end of the matting, he stepped from the matting onto the ceramic tile floor of the locker room, an area equipped with a floor drain. Plaintiff knew that this area had a tendency to become wet. As plaintiff stepped onto the tile floor, he slipped and fell, injuring himself. According to plaintiff's testimony, while the tile floor did not appear wet to him before he stepped onto it, he noticed, while lying on the floor after his mishap, "beads" or a "film" of water on the tiles.

The only dangerous condition to which plaintiff attributes his accident is the presence on the tile floor of the "beads" or "film" of water. This condition, on the floor of a locker room serving a swimming pool, and containing showers, sinks, a steam room, and a sauna, was necessarily incidental to the locker room's intended use and cannot support a cause of action for negligence, as a matter of law (*see Conroy v Saratoga Springs Auth.*, 284 NY 723 [1940], *affg* 259 App Div 365, 368 [3d Dept 1940]; *Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493, 493 [1st Dept 2016] ["(t)he mere presence of water on a tiled floor adjacent to the gym's showers cannot impart liability, particularly since water was necessarily incidental to the use of the area"]; *Dove v Manhattan Plaza Health Club*, 113 AD3d 455 [1st Dept 2014], *lv denied* 24 NY3d 901 [2014]). To the extent defendant failed to raise this point, we may nonetheless reach it because it is apparent from the face of the record and could not have been avoided had it been timely raised (*see Velasquez v 795 Columbus LLC*, 103 AD3d 541, 541 [1st Dept 2013]).

The majority's theory that the presence of water on the floor where plaintiff slipped was not "necessarily incidental" to the use of that portion of the locker room is conclusively refuted by the presence of a floor drain in that very area, as well as by plaintiff's testimony that he knew that the floor in that area was frequently wet and by the testimony of defendant's employee that the area required mopping "every 15 to 20 minutes." While it is true that the floor on which plaintiff slipped was not directly adjacent to the pool, and that the showers and steam room apparently were in adjoining chambers of the locker room, the presence of the drain demonstrates that the presence of water on the floor in that area was contemplated in the design of the complex as necessarily incidental to its use, as plaintiff himself understood, by his own admission. The "beads" or "film" of water that plaintiff testified that he saw on the tile floor after his mishap would have been the normal condition of the floor in this area while in use, except perhaps immediately after being mopped. Allowing plaintiff to recover for an injury resulting from his own imprudent assumption that the floor in this area of the locker room was bone-dry because he saw no large puddle of water is, in essence, to impose strict liability on defendant.

For the foregoing reasons, I believe that the record establishes that defendant is entitled to summary judgment dismissing the complaint. Accordingly, I would reverse the order denying defendant that relief, and respectfully dissent from the majority's affirmance of that order.

■ NANA ASIEDU et al., Appellants, v MARILYN LIEBERMAN, Respondent. [37 NYS3d 709]—Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 1, 2015, which granted defendant's amended cross motion for summary judgment dismissing the complaint of plaintiff Rosemary Asiedu for failure to satisfy the serious injury threshold under Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the amended cross motion denied. Appeal from order, same court and Justice, entered October 29, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to renew defendant's amended cross motion, unanimously dismissed, without costs, as academic in view of the foregoing.

Defendant's mislabeled cross motion, in response to plaintiff Nana Asiedu's motion for summary judgment, was "an improper vehicle for seeking affirmative relief from [plaintiff Rosemary Asiedu,] a nonmoving party" (*Mango v Long Is. Jewish-Hillside Med. Ctr.*, 123 AD2d 843, 844 [2d Dept 1986]; *see also Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 88 [1st Dept 2013]).

In light of the foregoing, we need not reach plaintiffs' remaining contentions. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.