Castillo-Sayre v Citarella Operating LLC (2021 NY Slip Op 03906)





Castillo-Sayre v Citarella Operating LLC


2021 NY Slip Op 03906


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 160716/15 Appeal No. 14068 Case No. 2020-03852 

[*1]Nancy Castillo-Sayre et al., Plaintiffs-Respondents,
v
Citarella Operating LLC, Defendant-Appellant.


Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York (Robert A. Suarez of counsel), for appellant.
Jacoby & Meyers, LLP, Newburgh (James W. Shuttleworth, III of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 28, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish prima facie that it lacked actual or constructive notice of the "fish guts" on the sidewalk adjacent to its market (see Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]; Pfeuffer v New York City Hous. Auth., 93 AD3d 470, 471-472 [1st Dept 2012]). Defendant's burden as movant was not satisfied by its merely pointing to perceived gaps in plaintiffs' proof (see Vasquez v 3M Co., 177 AD3d 428, 429 [1st Dept 2019]; Koulermos v A.O. Smith Water Prods., 137 AD3d 575 [1st Dept 2016]).
As to actual notice, defendant's sole witness had no independent knowledge of working on the day of the accident and failed to testify as to an absence of complaints about the sidewalk preceding the accident (see Frederick v New York City Hous. Auth., 172 AD3d 545, 545 [1st Dept 2019]).
As to constructive notice, the store manager's testimony as to defendant's typical course of conduct in maintaining its garbage and the sidewalk where plaintiff Castillo-Sayre fell was insufficient, since the manager was unable to say when the area was last cleaned or inspected, and defendants submitted no records or cleaning logs (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 421 [1st Dept 2011]; Grossman v TCR, 142 AD3d 854, 856 [1st Dept 2016], appeal dismissed 28 NY3d 1110 [2016]). Nor was a lack of constructive notice established by plaintiff Castillo-Sayre's failure to see the alleged condition before she fell, since there is no evidence in the record that the condition was not visible (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520 [1st Dept 2018]).
Since defendant failed to make its prima facie showing, the burden never shifted to plaintiffs to establish the length of time that the fish guts were on the sidewalk (see Hill v Manhattan N. Mgt., 164 AD3d 1187, 1187 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021