Polanco v 756 Jomo Food Corp. (2023 NY Slip Op 00284)

Polanco v 756 Jomo Food Corp.

2023 NY Slip Op 00284

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 157638/17 Appeal No. 17150 Case No. 2022-01712 

[*1]Marianela Polanco, Plaintiff-Appellant,
v
756 Jomo Food Corp., Doing Business as Foodtown of Harlem, Defendant-Respondent.

Michael H. Zhu, P.C., New York (Michael H. Zhu of counsel), for appellant.
Chartwell Law, New York (Christopher G. Wosleger of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 2, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that she slipped and fell on grapes that had fallen to the floor in the produce aisle of defendant's supermarket and that the floor in the market was frequently littered with produce. While defendant showed that it did not create or have actual notice of loose grapes in the produce aisle at the time of plaintiff's accident, defendant failed to submit sufficient evidence to show, as a matter of law, that it lacked constructive notice of the condition. Specifically, defendant failed to show that its cleaning routine was followed on the day of the accident (see Castillo-Sayre v Citarella Operating LLC, 195 AD3d 513 [1st Dept 2021]; see also Frederick v New York City Hous. Auth., 172 AD3d 545, 545 [1st Dept 2019]; Velocci v Stop & Shop, 188 AD3d 436, 439-440 [1st Dept 2020]). Its store manager testified generally that an employee was assigned to inspect and clean the produce aisle throughout the day and that he personally walked the aisles during the day, but he did not testify regarding any specific cleaning or inspection of the area in question on the day of plaintiff's fall. A vice president testified that the cleaning protocols were verbal and were based on "common sense," but did not offer any information as to what steps were taken during the last cleaning cycle prior to plaintiff's accident, which also was not sufficient to establish lack of constructive notice on behalf of defendant. Accordingly, the burden did not shift to plaintiff to raise an issue of fact in opposition. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023