| |
|---|
| **Schwarzer v Young Men's Christian Assn. of Greater N.Y.** |
| 2024 NY Slip Op 31363(U) |
| April 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156838/2018 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. RICHARD G. LATIN**                PART     **46M**

*Justice*

-----------------------------------------------------------------------------X

ALEXANDRA SCHWARZER and EDWARD EASTON,

Plaintiffs,

- v -

YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER
NEW YORK and ARMORY PLACE LLC,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156838/2018 |
| MOTION DATE | 3/2/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this premises liability action, plaintiff Alexandra Schwarzer ("Schwarzer") asserts that on March 24, 2017, she slipped and fell on accumulated liquid on the floor at the Young Men's Christian Association of Greater New York ("defendant") located at 125 West 14th St, New York, New York (NY St Cts Elec Filing [NYSCEF] Doc No. 39, Complaint). Defendant moves for an order pursuant to CPLR 3212 seeking summary judgment dismissing the complaint. Plaintiffs opposed, and defendant submitted a reply. For the following reasons, defendant's motion is denied in its entirety.

**Factual Background**

**Schwarzer's EBT**

The alleged incident occurred approximately between 8:00 a.m. to 8:15 a.m. (NYSCEF Doc No. 42, tr at 106). On the day of the alleged accident, Schwarzer went to the women's locker room prior to swimming (*id.* at 63). She changed into her bathing suit and flip flops and rinsed off in the shower area before entering the pool (*id.* at 64). She swam for an hour and went to the shower area after she got out of the pool (*id.* at 68). After taking a shower, she dried herself and the rubber flip-flops she was wearing (*id.*). She placed her caddy by the sink that was six to eight feet from the shower (*id.* at 72). She slipped right after she put the caddy down (*id.* at 77). She placed the caddy down because she was waiting to get on the line to extract the water from her

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.          Page 1 of 8**
**Motion No.  001**

1 of 8

[* 1]

swimsuit (*id.* at 78). There was water on the floor about a foot-and-a-half long and a foot wide (*id.* at 83-84). She saw the water on the floor prior to her accident (*id.* at 86). She was unaware where the water came from (*id*. at 84). She slipped and fell backwards, and her rear end made contact with the floor (*id*. at 99). She felt wetness underneath her (*id.* at 100).

Prior to the date of the incident, she saw water in the area several times (*id.* at 46). She believed the water came from people leaving the shower area wet or people using the sink (*id.* at 47). She reported the wet floor to the locker room attendants twice a week (*id.* at 49). They would mop the area (*id.* at 48-49). Additionally, she made verbal complaints to the receptionist (*id.* at 51). She reported the March 24, 2017 incident to defendant verbally and in writing (*id.* at 108-109).

**Abreu EBT**

Guillermo Abreu ("Abreu"), the property manager for defendant, testified that if a complaint regarding excessive water inside the women's locker room was made, an attendant would be notified immediately to rectify the issue by a two-way radio (NYSCEF Doc No. 43, tr at 61). Abreu inspects the women's locker room once a month (*id.* at 70). He did not recall whether he received any complaints about the water condition in the women's locker room prior to March 2017 (*id.* at 106). He was not aware whether the locker room attendant kept notes or track when she used the mop inside of the women's locker room (*id.* at 43). He did not remember whether a log or record was kept of any scheduled inspection of the women's locker room (*id.* at 44).

**Mohar Affidavit**

Pawatie Mohar ("Mohar") was the women's locker room attendant for defendant. Mohar worked on the day of the incident for her entire shift from 6:00 am to 1:00 pm, and made regular rounds throughout the locker room, including the dry area (NYSCEF Doc No. 46 ¶¶ 2, 5). She claimed there was no water accumulation or slickness on the floor that day (*id.* ¶ 6). She further asserted that there were regular meetings with the property manager, and there were never complaints about water accumulations (*id.* ¶ 9). On the date of the incident there were no plumbing problems and no leaks in the women's locker room (*id.*). On the date of the incident, she personally walked over the dry area many times and there was no water accumulation (*id.* ¶ 10).

**Patel Affidavit**

Madhur Patel ("Patel") was the aquatics director and membership director of defendant. Patel stated that on March 24, 2017, Schwarzer called and reported the incident to her (NYSCEF

156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.          Page 2 of 8
Motion No.  001

2 of 8

[* 2]

Doc No. 48 ¶ 3). Patel checked with Mohar, who stated that the floor was dry, that no one reported any water on the floor, and that she did not have to dry the floor that morning (*id.* ¶¶ 5-6). Patel asserted that no prior complaints of the women's locker room floor were made (*id.* ¶ 7).

**Parties' Contentions**

**Defendant's Motion**

It is undisputed that plaintiff slipped on water on the floor of the portion of the locker room in front of the sinks (NYSCEF Doc No. 52, Memorandum of Law in Support, Andrew B. Kaufman, Esq. (memo), at 1). However, defendant argues that the wet condition described by Schwarzer is not actionable as the wetness was incidental to the operation of a locker room (*id.*). Defendant asserts that mere presence of water on a tiled floor adjacent to the gym's shower cannot impart liability, since the water was necessarily incidental to the use of the area (*id.* at 5).

Second, defendant contends that there was no duty to place mats on the floor, and plaintiffs did not allege a claim of negligence in failing to put mats down in their bill of particulars (*id.* at 6). Regardless, defendant contends that its policy was to not put mats in the open area of the locker room where women dressed before leaving the facility as that area has always been referred to by staff as the "dry area" (*id.*). In support, defendant submitted the affidavit of Stan A. Pietra, a professional engineer ("Pietra Affidavit") (NYSCEF Doc No. 51). Pietra opined that the tile floors in the locker room were slip resistant in compliance with code requirements and practice for walking surfaces, and there is no code or statutory requirement that matting be placed on these floors (*id.* ¶¶ 11-12).

Third, defendant claims that it was not on notice of the water as plaintiff did not complain about the floor on the day of the incident (*id.* at 8). Furthermore, defendant denies that plaintiff made prior complaints (*id.*). Defendant argues that there was no constructive notice of the condition under the doctrine of recurrent condition (*id.* at 11). Plaintiffs did not submit any proof besides generalities that there was "always" water on the locker room floor (*id.*).

**Plaintiffs' Opposition**

In opposition, plaintiffs contend that water is an actionable condition pursuant to *Grossman v TCR*, 142 AD3d 854 [1st Dept 2016], *appeal dismissed* 28 NY2d 1110 [2016] (NYSCEF Doc No. 58, Memorandum of Law in Opposition, Glen P. Ahlers, Esq. (opp memo), at 16). They claim the facts are similar to *Grossman*, as plaintiff in *Grossman* slipped and fell on water on the tile floor of a women's locker room, and the location of the fall was accessible to the showers, sinks,

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**          **Page 3 of 8**
**Motion No.  001**

3 of 8

sauna, and steam room (*id.*). Plaintiffs take issue with the cases cited by defendant, as those cases held wetness on the side of a pool is incidental to the function of the pool, and water inside of a shower stall is incidental to the use (*id.* at 20). Schwarzer was neither in the shower, nor inside of a shower area, but was six to eight feet from the shower area (*id.*).

Second, plaintiffs argue there is an issue of fact as the opinions of two expert engineers regarding the locker room floor are contradictory (*id.* ¶ 31). Plaintiffs submitted the affidavit of Nicholas Bellizzi, a licensed professional engineer ("Bellizzi Affidavit") (NYSCEF Doc No. 60). Bellizzi notes that there in the Pietro affidavit there is no description of the type of testing machine used to measure the wet coefficient of friction (*id.* ¶ 13). The locker room's floor did not have a nonskid surface when wet, which made the subject ceramic tile floor slippery and is "a well-recognized slipping hazard" (*id.* ¶ 15). The locker room's ceramic tile floor surface did not comply with the New York City Building Code as the code requires floor to have a nonslip surface impervious to moisture, free of cracks or open joints and sloped to drains (*id.* ¶ 18). The locker room's floor did not have any mats to ensure that it was kept dry, and not wet and slippery when wet, and section 5 of the American Society of Testing Materials (ASTM) Standard Practice for Safe Walking Surfaces states that walking surfaces shall be slip resistant under expected environmental conditions and use (*id.* ¶ 22). The locker room's hard ceramic tile floor surface was not slip resistant as it was not crosscut, grooved, or ribbed, and had no treatment to cause the floor surface to be slip resistant when wet, which was in violation of nationally-accepted ASTM standards for Safe Walking Surfaces (*id.* ¶ 23).

Third, plaintiffs argue that to establish notice of a recurring condition, they are not required to prove that defendant knew or should have known about the existence of accumulated water in the dry area or its precise source (NYSCEF Doc No. 58 ¶ 13). Defendant had constructive notice of recurrence of the condition if it has actual knowledge of the dangerous condition's likelihood(?) to reoccur (*id.*). Defendant had made personal complaints to defendant, and other patrons of defendant were injured as a result of slip and falls in the "dry area" (*id.* ¶ 15). Lastly, defendant had actual notice that a hazardous condition might exist because its employee responsible for cleaning the area had a "spaghetti mop" with which she would soak up excess water in the dry areas of the locker room when a member dripped or spilled water on the floor of the dry area (*id.* ¶ 16). Defendant had notice of the dangerous condition from Schwarzer's multiple reports to management on many occasions (*id.* ¶ 19). Defendant did not have a written policy as to the

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**          **Page 4 of 8**
**Motion No.  001**

4 of 8

[* 4]

frequency of inspecting the "dry area" in the locker room (*id.* ¶ 20). Defendant did not produce any written records concerning how often the subject floors were cleaned, dried, or inspected prior to the accident in question, nor the last time they were cleaned prior to the incident (*id.*).

**Defendant's Reply**

In reply, defendant contends that it proved that clear water on the locker room floor in an aquatic's facility is incidental to the operation of the facility and is not actionable (NYSCEF Doc No. 64, Memorandum of Law in Reply, Laura Alto, Esq. (reply memo), ¶ 6). As the water was incidental to the operation of the locker room, defendant had no duty to take any additional measures (*id.* ¶ 13). Schwarzer's testimony establishes that the water accumulations she observed was produced by people in their bathing suits (*id.* ¶ 15). She further testified as to the number of attendants in the locker room, and details of the mops they used which indicate there is no recurrent condition that was "routinely unaddressed" (*id.*). Abreu, the property manager for the defendant inspected the premises every morning, and there is no evidence or claim that there was any plumbing issue or leaking ceiling (*id.* ¶ 19). Plaintiff has offered no emails to the defendant or any witnesses to support her claim of the alleged constant defective condition, and has presented only inconsistent, vague, and accusatory testimony (*id.* ¶ 20). Lastly, the Bellizzi affidavit is unpersuasive as he does not have firsthand knowledge of the flooring (*id.* ¶ 24). Additionally, his claim of insufficient testing is meritless as ANSI or ASTM standards are simply standards and not the law (*id.*). He also did not cite to any building code violations (*id.*).

**Discussion**

"'[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324; *see also Zuckerman v City of New*

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**   **Page 5 of 8**
**Motion No.  001**

5 of 8

*York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562).

"Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see also American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). On a summary judgment motion, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty, LLC*, 216 AD3d 477, 478 [1st Dept 2023], quoting *Parietti v Wal-Mart Stores, Inc.*, 29 NY3d 1136, 1137 [2017]).

"[A] landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003] [internal quotation marks and citations omitted]). "Even if a hazard qualifies as open and obvious as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard but does not eliminate the broader duty to maintain the premises in a reasonably safe condition" (*Matos v Azure Holdings II, L.P.*, 181 AD3d 406, 407 [1st Dept 2020] [internal quotation marks and citations omitted]). "Whether a condition is not inherently dangerous usually depends on the totality of the specific facts of each case" (*id.* [internal quotation marks and citation omitted]).

Defendant cannot obtain summary judgment on the reasoning that "water was necessarily incidental to the use of the area" (*see Grossman*, 142 AD3d at 855, quoting *Noboa-Jaquez v Town Sports Intl., LLC*, 138 AD3d 493, 493 [1st Dept 2016] [plaintiff slipped and fell on water located on the tile floor in the area of the gym showers as such the presence of such water was necessarily incidental to the use]; *Dove v Manhattan Plaza Health Club*, 113 AD3d 455, 456 [1st Dept 2014], *lv denied* 24 NY3d 901 [2014] [plaintiff slipped and fell on water located on the tile floor around

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**      **Page 6 of 8**
  **Motion No.  001**

6 of 8

the indoor pool as such the presence of such water was necessarily incidental to the use of the pool]). "Neither of [the] holdings [in *Dove* and *Noboa-Jaquez*] stands for the broader proposition that any water on a tiled floor anywhere in a locker room must preclude a claim for negligence because water is 'necessarily incidental' to the entire lock room's intended use" (*Grossman*, 142 AD3d at 855). Schwarzer testified that she had left the shower area and was six to eight feet away from that shower area when she slipped (*see* NYSCEF Doc No. 43, tr at 72). She specifically identified slipping in the sink area that is away from the shower area (*id.*). Regardless of whether any alleged water in the accident location is incidental to the use of the shower room, the record presents issues of fact as to whether defendant maintained the accident area in a reasonably safe condition. As pointed out in the depositions, there is a dispute as to whether there was standing water in the accident location. The mere fact that water may be incidental to the use of the shower does not necessarily indicate that there can be no negligence where there is notice that a dangerous condition exists (*see Grossman*, 142 AD3d at 855).

Defendant failed to submit sufficient evidence to show, as a matter of law, that it lacked constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time prior to the accident to permit defendant's employee to discovery and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986] [citations omitted]). "To demonstrate lack of constructive notice, a defendant must produce evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned" (*Barrett v Aero Snow Removal Corp.*, 167 AD3d 519, 520 [1st Dept 2018] [internal quotation marks and citations omitted]). "Should defendant fail to meet its initial burden to show that it did not cause, create, or have actual or constructive notice of the alleged condition, the burden never shifts to plaintiff to raise a triable issue of fact" (*Velocci v Stop & Shop*, 188 AD3d 436, 439 [1st Dept 2020] [citations omitted]). Here, there is an inference of constructive notice because plaintiff was swimming for an hour before returning to the locker room and slipping (*see Grossman*, 142 AD3d at 856 [There was an inference of constructive notice because there was no written schedule or written confirmation of floors mopped, and plaintiff was gone from locker room for 40 minutes and the water could have accumulated at the spot and remained there]; *see also* NYSCEF Doc No. 42, tr at 64). Mohar attested that on the day of the incident, she was on

**156838/2018   ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**          **Page 7 of 8**
**Motion No.  001**

7 of 8

[* 7]

duty for her usual shift from 6:00 a.m. to 1:00 p.m. and she made rounds in the locker room, including the dry area (*see* NYSCEF Doc No. 46). A showing of general cleaning procedures is insufficient to satisfy the burden of demonstrating the lack of constructive notice of the condition prior to the accident (*Smith v Montefiore Med. Ctr.*, 192 AD3d 609, 610 [1st Dept 2021]). Mohar's affidavit is insufficient as it fails to offer any evidence as to "when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*see Merchant v New York City Tr. Auth.*, 183 AD3d 647, 648 [2d Dept 2020][internal quotation marks and citation omitted]). Furthermore, Abreu's testimony that he was not aware of cleaning protocols and he used "common sense" to resolve any water complaints is insufficient to establish lack of constructive notice (*see Polanco v 756 Jomo Food Corp.*, 212 AD3d 540, 540 [1st Dept 2023] ["A vice president testified that the cleaning protocols were verbal and were based on 'common sense,' but did not offer any information as to what steps were taken during the last cleaning cycle prior to plaintiff's accident, which also was not sufficient to establish lack of constructive notice on behalf of defendant"]; *see also* NYSCEF Doc No. 43, tr at 63).

Since defendant did not meet its prima facie burden of proof, its motion for summary judgment dismissing the complaint is denied without the need to consider the adequacy of plaintiffs' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]).

Accordingly, it is

ORDERED that defendant's motion for summary judgment is denied in its entirety.

| | |
|---|---|
| **4/18/2024** | RICHARD G. LATIN, J.S.C. |
| **DATE** | |

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**156838/2018  ALEXANDRA SCHWARZER et. al. vs. YOUNG MEN'S CHRISTIAN et. al.**          **Page 8 of 8**
**Motion No. 001**

8 of 8

[* 8]