**K.J. v Great Oaks Charter Sch.**

2026 NY Slip Op 30792(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 155629/2020

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** 65M |
| | *Justice* | |

-----------------------------------------------------------------------------------X

K. J., GRANTIEAH ADAMSON

                        Plaintiff,

                - v -

GREAT OAKS CHARTER SCHOOL,

                        Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155629/2020 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion for                 SUMMARY JUDGMENT         .

      Defendant Great Oaks Charter School ("Great Oaks," "GO") moves for summary judgment (Seq. 002) dismissing plaintiffs' complaint in its entirety. GO contends that plaintiff K.J. (a 7th-grade student) has not identified any actionable defect causing his fall, that any polished or "buffy" condition of the floor is not a legally cognizable defect, and that GO lacked any actual or constructive notice of a hazardous condition. GO also argues that plaintiffs' negligent-supervision claim fails as a matter of law. Plaintiffs oppose, arguing triable issues exist on causation, notice, and supervision.

## BACKGROUND AND PROCEDURAL HISTORY

      On November 4, 2019, plaintiff K.J., then a seventh grader at Great Oaks Charter School, slipped and fell in a school hallway and sustained injuries. This action was commenced by K.J. (through his mother and guardian) on July 23, 2020, seeking damages for personal injuries and related loss of services/society. Plaintiffs' first cause of action alleges ordinary negligence (premises liability and related claims), and the second cause of action alleges negligent supervision by the school. As summarized in the motion papers and evidence, K.J. testified that the floor where he fell was "slippery," "over shiny," and that after he fell he observed a liquid substance on the floor (*see De Paris v Women's Natl. Republican Club, Inc*., 148 AD3d 401 [1st Dept 2017][ court held that detailed and consistent plaintiff testimony regarding a hazardous condition creates a triable issue of fact, even if it conflicts with a defendant's maintenance records or assertions that the condition never existed]). School incident reports and K.J.'s own statements indicate he told staff he slipped on water. A surveillance video of the area (provided to the court) shows (a) a custodial wet-mop cart in the vicinity, (b) an orange "Wet Floor" warning sign partially obscured behind a garbage can, and (c) a teacher observing other students horsing around at the time. Defense witness Diane Marrone (an associate for operations) testified that she inspected the corridor approximately 30 minutes before the accident and saw no liquid or hazardous condition. GO has submitted the pleadings, K.J.'s deposition and other testimony, Ms. Marrone's deposition,

    155629/2020  J., K. vs. GREAT OAKS CHARTER SCHOOL                    Page 1 of 7
    Motion No.  002

1 of 7

the school's incident report, and excerpts of the video in support of its motion. Plaintiffs' opposition papers include K.J.'s deposition transcript (Ex. G), Ms. Marrone's transcript (Ex. H), other staff testimony (Exs. I–J), and documentary evidence, arguing that the foregoing facts raise triable issues of fact.

## ARGUMENTS

Great Oaks argues that plaintiff "cannot identify the defect that caused [the] fall," and that an "overly buffed/polished" floor is not a "defective condition" under New York law. Citing case law, GO asserts that a smooth or shiny floor by itself does not give rise to liability absent proof of negligent waxing or a foreign substance (*e.g., Finan v. Atria E. Assocs*., 230 AD2d 707 [2d Dept 1997]). GO further contends there is no evidence of actual or constructive notice of any dangerous condition. In particular, Ms. Marrone's testimony is said to show the area was clean 30 minutes before the fall, with no water present. GO argues that with no notice and no identified defect, the accident is "purely speculative," and DSJ should be granted. Finally, on negligent supervision, GO insists the claim is baseless because K.J.'s fall resulted from him drinking water and not from any teacher or supervisor's conduct.

In opposition, plaintiffs argue that there is ample evidence for a jury to infer a hazardous condition. K.J. testified repeatedly that the floor was slippery and that he saw evidence of liquid where he fell. The school's own incident report is consistent with K.J.'s account that he "slipped on water." The video shows custodial equipment (mop cart, warning sign) in the hallway and students running while a teacher stood by, suggesting both a hazardous wet floor and insufficient supervision. Plaintiffs assert that this circumstantial evidence – the sensory description of the floor, the presence of a mop and hidden sign, and K.J.'s slip-and-slide mechanics – supports an inference that a liquid or residue made the floor dangerously slick. They emphasize that under *Galler v. Prudential Ins. Co. of Am.*, 63 NY2d 637, 641 (1984), a plaintiff need not know the exact substance; he may rely on inferences from facts. Finally, plaintiffs claim that whether the teacher's failure to stop horseplay contributed to K.J.'s fall is a classic jury question of negligent supervision.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013][internal quotation marks and citation omitted]). Upon proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010][internal quotation marks and citation omitted]). In reviewing a summary judgment

155629/2020   J., K. vs. GREAT OAKS CHARTER SCHOOL
Motion No.  002

Page 2 of 7

motion, the court's role is issue-finding, not credibility assessment (*Henderson v. City of New York*, 178 AD2d 129, 130 [1st Dept 1991]).

## I.    Prima Facie Showing

The court first examines whether GO, as movant, has established that no triable issue exists. GO's primary submission is the deposition testimony of Ms. Marrone and the legal argument that a polished floor is not a defect. Ms. Marrone testified only to conditions 30 minutes before the fall, which does not conclusively prove that the floor was safe at the moment of K.J.'s accident. Under *Rodriguez v. Bd. of Educ. of the City of N.Y.*, 107 AD3d 651, 651-52 (1st Dept 2013), a property owner must do more than assert it did not cause a condition; it must show its employees or contractors did not create it and that it had no notice. Here, GO presented no cleaning logs or contemporaneous observations to dispel the possibility of a hazard. Indeed, as the First Department recently held, a defendant cannot meet its burden merely by pointing out gaps in the plaintiff's evidence (*Maria v. Concourse Estate, LLC,* 200 AD3d 578 [1st Dept 2021][ affirmed the denial of the defendant's motion for summary judgment, establishing that a property owner cannot meet its prima facie burden by simply pointing to gaps in a plaintiff's evidence regarding the cause of a fall]). GO's evidence likewise fails to establish absence of notice. The school submitted no documentation to show the last cleaning or inspection, similar to the situation in *Wright v. Emigrant Sav. Bank* (112 AD3d 401 [1st Dept 2013]), nor did it show that any purported hazard (if it existed) had been present for such a short time that detection was impossible. The property manager testified about routine maintenance but could not pinpoint when the hallway was last cleaned or inspected. These omissions are fatal: under *Castillo-Sayre v. Citarella Operating LLC*, 195 AD3d 513 (1st Dept 2021), and *Romero v. Morrisania Towers Hous. Co. Ltd. Partnership*, 91 AD3d 507 (1st Dept 2012), a defendant must provide affirmative proof of an inspection schedule or cleaning log to negate constructive notice. GO provided none. Thus, GO did not meet its prima facie burden. Indeed, as the Appellate Division, First Department, admonished in *Castillo*, "[defendant's] burden as movant was not met by identifying perceived gaps in plaintiff's evidence."(195 AD3d at 513). GO's reliance on Ms. Marrone's statement alone (that nothing was there 30 minutes earlier) is insufficient to eliminate all triable issues.

GO also contends that the mere shininess or buffed quality of the floor is not an actionable defect. Under New York law, that is generally correct – the mere smoothness or polish of a floor does not itself establish negligence absent evidence of improper application of wax or finish (*see Finan v. Atria E. Assocs.*, 230 AD2d 707 [2d Dept 1997]). In *Finan*, the court noted that a floor's slipperiness by reason of its smoothness or polish is insufficient in itself to prove negligence (230 AD2d at 707). However, if a plaintiff can point to facts suggesting excessive wax or a foreign substance, a jury may properly infer negligence in maintenance (*Sanchez v. Mitsui Fudosan (U.S.A.), Inc.*, 148 AD3d 491 [1st Dept 2017]; *De Paris v. Women's Natl. Republican Club*, 148 AD3d 401 [1st Dept 2017]). Here, plaintiffs do not explicitly allege negligent buffing *per se*, but they do claim there was liquid or wax on the floor that made it slippery. This goes beyond the inherent smoothness argument: plaintiffs say the floor was actually "wet" or had residue. Courts have allowed such claims to proceed when there is corroborating evidence. For example, in *De Paris*, the club's manager averred no wax was used and the floor had last been mopped that morning (148 AD3d at 403). The plaintiff, however, testified that immediately after her fall she saw a waxy line on the floor and felt the waxy wetness under her shoe (148 AD3d at 404). The

[* 3]

Appellate Division, First Department, held this created a triable issue: "plaintiff's proof was not speculative… [she] set forth a specific reason for the slippery condition … a build-up of wax" (148 AD3d at 404). In sum, whether a floor is "too buffed" or contains a liquid is a question of fact if there is any evidence from which a jury could infer that condition.

Here, plaintiffs have offered evidence that tends to identify a substance on the floor (liquid residue or wax) as the cause of K.J.'s fall. K.J. testified consistently that he slipped on something wet and did not trip on an uneven surface. He observed wetness where he fell and later saw a mark on the floor. The surveillance video shows a mop cart and warning sign nearby, suggesting recent cleaning or a spill. While GO stresses the floor's inherent shininess, plaintiffs have pointed to post-accident observations and the hidden "Wet Floor" sign as facts supporting their theory. Although GO's evidence tends to undermine the existence of a hazard (no mopping logged after morning, no wax applied), under New York law that creates precisely the kind of credibility issue for the jury. As in *De Paris*, it is not the court's role to discredit plaintiff's version at this stage. Thus, even on the question of an actionable condition, GO has not established the absence of triable fact issues.

## II.     Actual or Constructive Notice

Because summary judgment must be decided on all issues, the court must also examine notice. GO asserts it had no actual notice and no reason to expect any condition. But plaintiffs need only show the issue was arguable, given the evidence. Construing the facts most favorably, one can infer that if K.J. slipped on a wet substance shortly after a janitor was in the area (as the mop cart implies), the hazard may have been present long enough for the janitor to put out a sign. That raises the question of constructive notice. GO submitted no evidence of routine inspections; the lone affidavit of Ms. O'Connor in *De Paris* said the floor was clean at 6:45 p.m., yet the Appellate Division, First Department. still found issues (i.e., plaintiff's evidence created a question). Similarly, here, plaintiffs may reasonably infer that someone either spilled or failed to dry the floor prior to K.J.'s fall. GO's lack of evidence of its cleaning schedule prevents it from establishing as a matter of law that the condition was absent long enough to discover (*see Wright v. Emigrant Sav. Bank*, 112 AD3d 401 [1st Dept 2013]). In *Maria v. Concourse Estate* (a slip-and-fall case on terrazzo flooring), the Appellate Division, First Department, stressed that a defendant moving for summary judgment must "affirmatively establish" the lack of notice with proof; here GO has not done so (200 AD3d 578). In fact, the Appellate Division, First Department, held in *Maria* that pointing to "perceived gaps" in plaintiff's proof was insufficient – the movant must present its own evidence of inspection/cleanup (200 AD3d at 579). In short, on notice as well, GO has not met its initial burden, and plaintiffs have introduced evidence that could permit a jury to infer constructive or even imputed notice (or at least raise a triable issue).

## III.     Speculation and Sufficiency of Plaintiff's Proof

While GO characterizes plaintiffs' theory as speculative, New York law expressly permits a plaintiff to establish the existence of a hazardous condition through circumstantial evidence (*see Galler v. Prudential Ins. Co. of Am.*, 63 NY2d 637 [1984]). Such evidence, however, must rise above mere conjecture. As the Appellate Division, First Department, illustrated in *Siegel v. City of New York*, 86 AD3d 452 (1st Dept 2011), circumstantial evidence must provide a logical, non-

155629/2020   J., K. vs. GREAT OAKS CHARTER SCHOOL                                                    Page 4 of 7
Motion No.  002

4 of 7

speculative link to the defendant's negligence to survive summary judgment. By contrast, in *De Paris* the plaintiff's specific observations defeated summary judgment. Here, K.J. did more than guess. He felt and observed a slippery surface and reported it as water. These are not the kind of "pure speculation" rejected in *Siegel* or in *Lyon v. Outback Steakhouse*, 2011 NY Slip Op 31097(U) (Nassau Sup. Ct. Dec. 22, 2011), where the only evidence of a slippery spot was the plaintiff's fall itself and a general assertion of polish. By contrast, K.J.'s testimony, and the other facts plaintiffs cite, provide at least a minimal evidentiary basis. Drawing all inferences in plaintiffs' favor, there remains a genuine factual dispute over whether and what substance made the floor unsafe. Accordingly, summary judgment on the negligence claim must be denied.

### IV. Remaining Factual Issues

Because plaintiffs have met their burden to create an issue of fact, the case must proceed. Key disputes to be tried include: what substance (if any) was on the floor and how it came to be there; whether Great Oaks (through its agents or contractors) created or had notice of it; and whether the teacher's presence and student behavior in the hallway contributed to the fall. For example, plaintiffs point to the video evidence of students running and a stationary teacher just before the accident. If those facts are credited, the jury may need to consider whether the teacher had a duty to intervene. Similarly, Great Oaks may argue that if K.J. spilled his own water, the condition was not attributable to the school. These are classic factual questions not resolvable on summary judgment.[1]

### V. Negligent Supervision

GO also moved to dismiss the negligent supervision claim. A school owes a duty "to adequately supervise the students in their charge," but only to prevent foreseeable harm (*Mirand v. City of N.Y.*, 84 NY2d 44, 49 [1994]). Absent actual or constructive notice of a specific danger, a school will not be held liable for unanticipated behavior of students or third parties (*Bell v. Bd. of Educ. of City of N.Y.*, 90 NY2d 944, 948-49 [1997]; *Brandy B. v. Eden Cent. Sch. Dist.*, 15 NY3d 297, 302-03 [2010]). Here, plaintiffs do not identify any prior incidents or knowledge by school officials that would have put GO on notice of a hazard in the hallway. The alleged "horseplay" of students was not something GO had been warned about, nor was there any indication the water fountain area presented a special danger. Under *Gonzalez v. City of New York*, 133 AD3d 65, 67 (1st Dept 2015), an employer (or school) can only be held vicariously liable for employee misconduct if it knew the employee's dangerous propensities; no such knowledge exists here. Similarly, to hold GO responsible for the teacher's conduct (or lack thereof), plaintiffs would have to show that GO knew or should have known that allowing unsupervised horseplay could foreseeably cause injury. That theory is not supported by the record. As in *Mirand*, the teacher here is not an "insurer" of student safety, and there is no evidence GO had notice of any special hazard created by the students (*Mirand*, 84 NY2d at 49-50). In the absence of a specific duty or notice, plaintiffs' negligent supervision claim must be dismissed.

For the foregoing reasons, the motion is denied as to liability for negligence (premises defect) and granted as to the claim of negligent supervision. In particular, triable issues remain whether a hazardous condition (wet or over-waxed floor) caused K.J.'s fall and whether GO had

---

[1]Any comparative negligence raised by defendants likewise must be decided by the factfinder.

**155629/2020   J., K. vs. GREAT OAKS CHARTER SCHOOL**
**Motion No.  002**

**Page 5 of 7**

any notice of it. Because GO failed to make a prima facie showing of lack of defect or notice, summary judgment cannot be granted on that claim (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The negligent supervision claim, however, is unpersuasive given the absence of any showing of notice or specific duty, and that portion of the complaint must be dismissed (*Mirand*, 84 NY2d at 49; *Brandy B.*, 15 NY3d at 302-03). The motion is otherwise denied. The matter is set down for trial on the remaining issues.

Accordingly, it is hereby

ORDERED that the motion of defendant Great Oaks Charter School for summary judgment (Motion Sequence No. 002) is granted solely to the extent that the cause of action sounding in negligent supervision is severed and dismissed; and it is further

ORDERED that the Clerk of the Court shall enter judgment accordingly in favor of defendant Great Oaks Charter School dismissing the negligent supervision cause of action; and it is further

ORDERED that the motion is otherwise denied, and the cause of action sounding in negligence/premises liability shall continue; and it is further

ORDERED that the remainder of the action shall proceed toward trial on the surviving claims; and it is further

ORDERED that within ten (10) days of entry, counsel for defendant Great Oaks Charter School shall serve a copy of this decision and order, with notice of entry, upon all parties and upon the Clerk of the Court and the General Clerk's Office; and it is further

ORDERED that proof of such service shall be filed on NYSCEF in accordance with the applicable e-filing protocols of this court; and it is further

ORDERED that service of this decision and order with notice of entry shall constitute notice of entry pursuant to CPLR § 5513; and it is further

ORDERED that the appearance previously scheduled for oral argument on March 10, 2026, at 9:30 A.M., in Room 308 of the courthouse located at 80 Centre Street, New York, New York, is hereby converted to a settlement conference before the court; and it is further

ORDERED that all counsel appearing at the settlement conference must be fully familiar with the matter and must appear with full authority to negotiate and resolve the action, including authority to enter into a binding settlement agreement; and it is further

ORDERED that each party with settlement authority shall be available at the time of the conference, either in person or by telephone, for the duration of the conference so that meaningful settlement discussions may proceed without delay; and it is further

155629/2020   J., K. vs. GREAT OAKS CHARTER SCHOOL                                   Page 6 of 7
Motion No.  002

6 of 7

ORDERED that insurance carriers or other entities whose consent is required to effectuate settlement shall likewise ensure that a representative with full settlement authority is available, either in person or by telephone, at the time of the conference; and it is further

ORDERED that the court expects counsel and the parties to engage in good-faith settlement discussions prior to the conference so that the appearance may be productive and efficient.

This constitutes the decision and order of the court.

20260309115238HKINGOE07590041B8F40E4AC31AF9ABBBFA099

__3/9/2026__
__DATE__

__HASA A. KINGO, J.S.C.__

| CHECK ONE: | | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

__155629/2020   J., K. vs. GREAT OAKS CHARTER SCHOOL__
__Motion No.  002__

Page 7 of 7